```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


CENTENNIAL INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                          NO. 05-166

W.C. FORE TRUCKING, INC.,                       SECTION "F"
NORTH AMERICAN TRANSPORT CONCEPTS,
and NORTHERN INSURANCE COMPANY OF NEW YORK
```

ORDER AND REASONS

Before the Court is defendant W.C. Fore Trucking, Inc.'s Motion to Transfer Venue.[1] For the reasons that follow, W.C. Fore Trucking, Inc.'s motion is DENIED.

Background

On May 2, 2003, one of two grease kettles being hauled by W.C. Fore Trucking, Inc. pursuant to a bill of lading issued by North American Transport Concepts ("NATCO"), struck an overpass along Highway 25 en route from New Orleans to Rosedale, Mississippi.[2] The plaintiff, Centennial Insurance Company, as subrogee,[3] sued defendants Fore, NATCO, and Northern Insurance Company of New York

---

[1] Because defendant Fore's Motion to Transfer is based on its contention that venue is improper, this Court will treat the motion as a motion to transfer pursuant to 28 U.S.C. § 1406 (authorizing transfer to a proper district).

[2] For the purposes of this Motion to Transfer Venue, the Court takes the allegations in the plaintiff's complaint as true. See McCaskey v. Continental Airlines Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Centennial and Fore submitted, in connection with the Motion to Transfer, an excerpt from deposition testimony and affidavits from two Fore employees.

[3] Centennial insured JESCO Corporation.

1

("Northern Insurance")[4] under the Carmack Amendment, 49 U.S.C. § 14706, for damage to the cargo.

The cargo, two grease kettles purchased by JESCO Corporation, arrived in good condition at the Nashville Avenue Wharf in New Orleans on April 25, 2003.  JESCO contracted with NATCO to arrange for transport to Mississippi.  NATCO, in turn, entered into a contract of carriage in Chalmette, Louisiana with Fore.  Pursuant to the contract and bill of lading, Fore took delivery of the grease kettles in New Orleans.  Fore trucks traveled to New Orleans to accept delivery.

Upon arrival in New Orleans, Fore truck drivers measured the kettles and determined that the shipment exceeded the permissible height requirements.  The drivers called Gloria Chris, Fore's dispatcher, to tell her.  She then called a representative of NATCO in Chalmette to say that the kettles could not be moved as planned because of the excessive height.  But Fore claims the NATCO representative assured Ms. Chris that the kettles should be transported notwithstanding that they violated the permits obtained by Fore and said that NATCO would be responsible for resulting liability.  The NATCO representative followed up the broad oral assurances with a more limiting fax, advising that NATCO would assume responsibility for any fines levied as a result of the excessive height of the shipment.

Fore then began the journey with the grease kettles. Somewhere on Highway 25 in Mississippi, one of the grease kettles

---

[4] Northern Insurance insured Fore.

struck an overpass, resulting in damage to the cargo.  This suit to recover damages under the Carmack Amendment followed.

Fore now moves to transfer venue of this action to the Southern District of Mississippi, alleging that substantial acts or omissions giving rise to the dispute occurred there, making venue here improper.  While venue may be proper in the Southern District of Mississippi, venue is also proper here in the Eastern District of Louisiana; accordingly, the case should not be dismissed or transferred from this district.

I.

The Court initially notes that Fore's Motion to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) makes no specific reference to the statutory venue requirements or statutory remedies for improper or inconvenient venue.  However, because Federal Rule 12(b)(3) is the procedural vehicle governing a challenge for improper (as opposed to inconvenient) venue, the Court applies 28 U.S.C. § 1406(a).

Once a defendant raises the improper venue issue, the burden of sustaining venue generally rests with the plaintiff.[5]  Dupree v. Valero Energy Corp., 2003 WL 22466234, at *1 (E.D. La. Oct. 29,

---

[5] While district courts in the Fifth Circuit have generally adhered to the standard that the burden is on the plaintiff to sustain the choice of venue, the Court notes that at least one other circuit requires that the defendant, as the party challenging venue, bears the burden to prove such an affirmative dilatory defense in connection to a motion to dismiss for improper venue.  See Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

2003) (citing McCaskey v. Continental Airlines Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) and Bigham v. Envirocare of Utah, Inc., 123 F.Supp.2d 1046, 1048 (S.D. Tex. 2000)). Absent an evidentiary hearing, the plaintiff may carry the burden by establishing facts, taken as true, that establish venue. Id.; cf. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994) (stating that when a district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may bear the burden by presenting a prima facie case that personal jurisdiction is proper). When determining governing facts, the Court will give the plaintiff the benefit of the doubt, accept undisputed facts in the plaintiff's pleadings as true, and resolve any conflicts in the plaintiff's favor. McCaskey, 133 F. Supp. 2d at 523.

Where federal subject matter jurisdiction is not premised solely on diversity of citizenship, venue is proper only in[6]

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[6] The Carmack Amendment, 49 U.S.C. § 14706, does not have its own special venue provision; accordingly, the general venue provision, 28 U.S.C. § 1391, governs.

28 U.S.C. § 1391(b).  If a plaintiff files in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## II.

The general venue provision, 28 U.S.C. § 1391, is applicable to this lawsuit, which is based on liability under the Carmack Amendment, 49 U.S.C. § 14706.  Centennial asserts that venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New Orleans and Chalmette, both located in the Eastern District of Louisiana.[7]  The Court agrees.

Importantly, 28 U.S.C. § 1391(b)(2) "does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there."  Woodke v. Dahm, 70 F.3d 983, (8th Cir. 1995); see also Bates v. C&S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir. 1992) (noting that the 1990 amendment to 1391(b) does not require the district court to determine the best venue).  Thus, the Court need not decide if the Eastern District of Louisiana is the best venue for Centennial's lawsuit; rather, the

---

[7] Centennial also claims that venue is proper under 28 U.S.C. § 1391(b)(1).  Because the Court finds venue is proper under subsection (b)(2), the Court does not address this alternative ground for venue.

Court need only determine that substantial events or omissions occurred in this district. <u>Seariver Maritime Financial Holdings v. Pena</u>, 952 F. Supp. 455, 459 (S.D. Tex. 1996).

Fore's suggestion that most events or omissions giving rise to Centennial's claim occurred in the Southern District of Mississippi[8] does not render venue here improper. A substantial part of the events and omissions giving rise to Centennial's claim for damage to the grease kettle occurred in the Eastern District of Louisiana: (i) NATCO and Fore entered into a contract for transport in Chalmette, Louisiana; (ii) Fore picked up the grease kettles in New Orleans; (iii) the grease kettles were measured by both NATCO (allegedly incorrectly) and Fore before transport in New Orleans; (iv) Fore truck drivers, having measured the shipment while in New Orleans, called their dispatcher to advise as to the excessive height of the shipment; (v) negotiations ensued between the Fore dispatcher and a representative of NATCO, the latter of whom was located in Chalmette; (vi) the NATCO representative in Chalmette orally advised the Fore dispatcher that NATCO would assume some sort of responsibility for problems associated with the shipment's excessive height; (vii) the NATCO representative in

---

[8] Fore notes that the following events occurred in the Southern District of Mississippi, rendering venue appropriate there: (1) the incident of impact between the overpass and grease kettle occurred in Mississippi; (2) the damage to the grease kettle was assessed in Mississippi; and (3) Fore is domiciled and has its physical location in Mississippi.

Chalmette faxed the Fore dispatcher authorization to transport the shipment, notwithstanding its excessive height, and at the least assumed responsibility for fines that may be levied because of the excessive height.[9]

Even though the actual moment of damage – the impact between the overpass and the grease kettle – occurred in Mississippi, the events in the Eastern District of Louisiana can hardly be deemed insubstantial.  Indeed, the events occurring in this district are substantial, insofar as they may show  the good condition of the shipment in New Orleans and the potentially negligent acts and decisions in New Orleans that have provoked this lawsuit.

Accordingly, defendant W.C. Fore Trucking, Inc.'s Motion to Transfer Venue is DENIED.

New Orleans, Louisiana, December 6, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[9] Not surprisingly, what NATCO says was promised differs from what Fore claims it was led to believe.